**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

In re:
**COURTNEY NICOLE THOMPKINS,**
*Debtor*.

Case No. 26-47819-mar
Chapter 7
Hon. Mark A. Randon

# DEBTOR'S EMERGENCY MOTION FOR EXPEDITED HEARING AND TEMPORARY RELIEF TO PRESERVE THE STATUS QUO PENDING DETERMINATION OF THE AUTOMATIC STAY

Debtor Courtney Nicole Thompkins, appearing pro se, respectfully moves this Court for emergency relief and an expedited hearing concerning a state-court possession judgment entered on July 16, 2026 — two days after commencement of this Chapter 7 case. That judgment identifies today, August 17, 2026, as the deadline for the occupants to vacate the residence. Debtor requests immediate preservation of the status quo while this Court determines the applicability and effect of the automatic stay and whether bankruptcy-estate property or claims are implicated.

In support of this Emergency Motion, Debtor states as follows:

## I. JURISDICTION AND BANKRUPTCY CASE

1. Debtor commenced this Chapter 7 case on July 14, 2026, at approximately 9:55 a.m.

2. This Court's Notice of Bankruptcy Case Filing identifies this case as Case No. 26-47819-mar and identifies Karen E. Evangelista as the Chapter 7 trustee. (Ex. A.)

3. The Notice explains that the filing of a bankruptcy petition generally operates as an automatic stay of certain actions against the debtor and property of the estate, subject to statutory exceptions and limitations. (Ex. A.)

4. Debtor respectfully asks this Court to determine the precise effect of the automatic stay under the circumstances presented here.

## II. THE STATE-COURT JUDGMENT WAS ENTERED AFTER THE BANKRUPTCY FILING

5. A landlord-tenant proceeding was pending in the 36th District Court between Casa Dorado Ventures LLC and the occupants of the residence at 18727 Avon Ave., Detroit, MI 48219.

6. Debtor commenced this Chapter 7 case on July 14, 2026, at approximately 9:55 a.m. — before the state-court judgment described below.

7. On July 16, 2026, the 36th District Court entered a Judgment Landlord-Tenant in Case No. 26-349560-LT, awarding possession of the residence to Casa Dorado Ventures LLC, with a handwritten move-out date of August 17, 2026. (Ex. B.)

8. The state-court judgment was therefore entered after — not before — commencement of this Chapter 7 case.

## III. THE JUDGMENT CONTAINS A DISPUTED CONSENT AND WAIVER

9. The July 16 judgment contains markings indicating both a hearing and a consent, and states that the court determined a "valid waiver of rights exists" and that the terms of the consent judgment are fair.

10. Debtor disputes that she personally and knowingly consented to the July 16 judgment, and disputes that she knowingly signed, authorized, or voluntarily entered into any waiver of her rights resulting in that judgment.

11. Debtor requests that this Court consider the existence and effect of the alleged consent or waiver only after the underlying state-court record is preserved and reviewed, including any: (a) written stipulation; (b) written waiver; (c) signature page; (d) attorney authorization; (e) appearance record; (f) hearing audio or video; (g) transcript; (h) proof of service; (i) notices; and (j) any document establishing who allegedly consented on behalf of the defendant or occupants.

12. Debtor does not ask this Court, through this Emergency Motion, to retry every issue in the state-court case. Debtor asks the Court to preserve the status quo and determine the bankruptcy implications of the postpetition judgment.

**IV. THE EMERGENCY IS IMMEDIATE**

13. The July 16 judgment identifies August 17, 2026 — today — as the move-out deadline.

14. The state-court matter also has a later hearing concerning Debtor's pending challenges to that judgment.

15. If enforcement occurs before this Court considers the bankruptcy issues, Debtor may lose possession of the residence before this Court determines whether the automatic stay applies.

16. Removal from the residence may also result in loss of access to personal property, documents, records, identification materials, business materials, and other property located there.

17. Debtor therefore requests emergency relief preserving the status quo until this Court can conduct an expedited hearing.

**V. POTENTIAL PROPERTY OF THE BANKRUPTCY ESTATE**

18. Debtor requests that the Court consider whether any interest in the residence, possession of the residence, personal property located there, or related claims constitutes property or an interest of the bankruptcy estate.

19. The residence is also involved in an ongoing Wayne County Probate Court proceeding concerning the Estate of Veda Darcell Thompkins, Case No. 2024-890549-DE, currently listed as open.

20. The probate docket also reflects a Petition for Approval of Sale of Real Estate, with a result entered October 8, 2025 described as “Granted — Subsequent Petition Only,” and reflects Debtor's August 6, 2026 motion seeking, among other things, reinstatement of a prior petition, an accounting, correction or supplementation of the inventory, and examination of the personal representative. (Ex. C.)

21. Debtor does not ask this Court to decide the underlying probate dispute through this Emergency Motion. Debtor asks the Court to preserve any bankruptcy-estate interest that may be affected while the respective courts determine the issues within their jurisdiction.

## VI. RELIEF IS NECESSARY TO PRESERVE THE STATUS QUO

22. Debtor seeks narrowly tailored emergency relief: a temporary prohibition on enforcement of the July 16 possession judgment, pending an expedited hearing on the automatic stay and the interests of the bankruptcy estate.

23. This request is intended to preserve the status quo and prevent potentially irreversible consequences before this Court has an opportunity to review the matter.

24. Debtor respectfully requests that the Court not require her to wait until the currently scheduled state-court hearing, since the possession deadline occurs before that hearing.

## VII. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court:

a. Grant this matter emergency consideration;

b. Set an expedited hearing at the earliest available date and time;

c. Pending the expedited hearing, temporarily preserve the status quo concerning possession of the residence;

d. Pending further order of this Court, direct Casa Dorado Ventures LLC, its attorneys, agents, employees, representatives, and persons acting in concert with it to refrain from seeking, issuing, executing, enforcing, or assisting with enforcement of a writ of restitution, eviction order, lockout, removal of occupants, or removal of personal property arising from the July 16, 2026 judgment in 36th District Court Case No. 26-349560-LT;

e. Determine the applicability and effect of the automatic stay under 11 U.S.C. § 362;

f. Determine whether any exception, limitation, termination, annulment, or modification of the automatic stay applies;

g. Determine whether any order granting relief from the automatic stay has been entered;

h. Determine whether the residence, possessory interest, personal property, or related claims are property of, or otherwise affect, the bankruptcy estate;

i. Preserve any bankruptcy-estate property or claims pending further determination; and

j. Grant such other and further relief as the Court determines appropriate.

Respectfully submitted,

/s/ Courtney Nicole Thompkins
Courtney Nicole Thompkins
Debtor, Pro Se
Case No. 26-47819-mar
18727 Avon Ave.
Detroit, MI 48219

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

In re:
**COURTNEY NICOLE THOMPKINS,**
*Debtor*.

Case No. 26-47819-mar
Chapter 7
Hon. Mark A. Randon

# ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR EXPEDITED HEARING AND TEMPORARY RELIEF TO PRESERVE THE STATUS QUO PENDING DETERMINATION OF THE AUTOMATIC STAY

This matter having come before the Court on Debtor Courtney Nicole Thompkins's Emergency Motion for Expedited Hearing and Temporary Relief to Preserve the Status Quo Pending Determination of the Automatic Stay (the "Motion"); the Court having reviewed the Motion and the record in this case, including the Notice of Bankruptcy Case Filing and the July 16, 2026 Judgment Landlord-Tenant entered in 36th District Court Case No. 26-349560-LT; and the Court being otherwise fully advised in the premises;

IT IS HEREBY FOUND that:

1. Debtor commenced this Chapter 7 case on July 14, 2026 at approximately 9:55 a.m.
2. The 36th District Court entered a Judgment Landlord-Tenant in Case No. 26-349560-LT on July 16, 2026, after commencement of this bankruptcy case, awarding possession of the residence at 18727 Avon Ave., Detroit, MI 48219, to Casa Dorado Ventures LLC, with a handwritten move-out date of August 17, 2026.
3. Debtor disputes that she knowingly or voluntarily consented to entry of the July 16, 2026 judgment.
4. Immediate and irreparable harm may result if enforcement of the July 16, 2026 judgment proceeds before this Court determines the applicability and effect of the automatic stay

under 11 U.S.C. § 362, including potential loss of possession of the residence and loss of access to personal property, records, and other belongings located there.

**5.** Good cause exists to preserve the status quo on a temporary basis pending an expedited hearing.

IT IS THEREFORE ORDERED that:

**A.** The Motion is GRANTED on a temporary basis as set forth below, pending further order of this Court.

**B.** An expedited hearing on the Motion is set for _________________________, 2026, at ______ __.m., before the Honorable Mark A. Randon, to determine the applicability and effect of the automatic stay under 11 U.S.C. § 362 and the interests of the bankruptcy estate.

**C.** Pending the expedited hearing and until further order of this Court, Casa Dorado Ventures LLC, and its attorneys, agents, employees, representatives, and all persons acting in concert with it, are temporarily ENJOINED and RESTRAINED from seeking, issuing, executing, enforcing, or assisting with the enforcement of any writ of restitution, eviction order, lockout, removal of occupants, or removal of personal property arising from the July 16, 2026 judgment entered in 36th District Court Case No. 26-349560-LT.

**D.** The status quo regarding possession of the residence located at 18727 Avon Ave., Detroit, MI 48219, is preserved pending the expedited hearing.

**E.** Debtor shall serve a copy of this Order on Casa Dorado Ventures LLC and its counsel of record, if any, by the most expedient means available (including email or telephone, followed by mail), and shall file proof of such service with the Court no later than one (1) business day after entry of this Order.

**F.** This Order is entered without prejudice to any party's right to be heard at the expedited hearing on the merits of the automatic stay's applicability, any exception or termination thereof, and any related property-of-the-estate issues.

**G.** This Order shall take effect immediately upon entry.

IT IS SO ORDERED.

_______________________________________

Hon. Mark A. Randon
United States Bankruptcy Judge
Dated: ______________________________

## Your fax to 36th district Court Landlord tenant has succeeded

---

**From:** FaxZero.com support@faxzero.com
**To:** Courtney Thompkins BirthRight2026@Outlook.com
**Sent:** Wednesday, July 15 at 8:00 PM

Dear Courtney Thompkins,

Your fax to 36th district Court Landlord tenant at 3139653951 has been sent successfully!
Successful delivery of your fax was confirmed at 8:00 PM Eastern Daylight Time on July 15th, 2026

Be sure to follow up with the recipient to make sure that the fax is legible and is delivered to the right person in the office.
To view or print the status of your fax, click here. You can also send FaxZero a "tip" to support this handy service.
Thank you,
FaxZero.com

P.S. Check out https://www.FreePrintable.net: printable business cards,
certificates, timesheets, calendars, coloring pages, and more.

---------------------------------------------------------------------
If you want to RECEIVE faxes or send lots of pages each month, try our friends at FaxPlus. As low as $6.99 per month.
http://faxzero.com/go/FaxPlus
---------------------------------------------------------------------

(id#37936023)

11:47 42%

CN

Courtney Nicole
BirthRight2026@outlook.com

To NAH@Advantalaw.com nah@advantalaw.com

Bcc kstrozeski@uchcdetroit.org kstrozeski@uchcdetroit.org

Thursday, July 16 at 7:42 AM

posfax.pdf
PDF - 34 KB

NOTICE OF BANKRUPTCY FILING AND
PDF - 69 KB

2 attachments (103 KB) Save attachments

Subject: URGENT: Emergency Motion to Adjourn & Notice of Bankruptcy - Case No. 26349560

Dear Counsel,

I am writing to provide formal notice that I have filed an Emergency Motion to Adjourn and a Notice of Bankruptcy Filing (Case No. 26-47819) regarding the hearing scheduled for today, July 16, 2026. Due to my active bankruptcy case, an automatic stay is in effect under 11 U.S.C. § 362(a). I have attached the motion and proof of service for your review and records.

Sincerely,

Courtney Nicole Thompkins
18727 Avon avenue
Detroit Michigan 48219
313-490-4633

Reply all

Order by 6 p.m. ULINE 060

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Defendant
3rd copy - Plaintiff

| STATE OF MICHIGAN 36th JUDICIAL DISTRICT | JUDGMENT LANDLORD-TENANT | CASE NO. 26349560 LT Hon. Adam Sabree |
|---|---|---|

Court address
421 Madison St, Detroit, MI 48226

Court telephone no.
(313) 965-2200

Plaintiff
Casa Dorado Ventures LLC

v

Defendant
All Occupants

Panther Law, PLC
Nesren Ali Hammoud (P80522)
23800 Northwestern Hwy Suite 200
Southfield, MI 48075
(248) 289-3341

Plaintiff/Attorney ☐ Personal service

All Occupants
18727 Avon Ave
Detroit, MI 48219

Defendant/Attorney ☐ Personal service

**THE COURT FINDS:**

by ☑ hearing ☐ default* ☒ consent**

☒ The court determines a valid waiver of rights exists and the terms of the consent judgment are fair.

**POSSESSION JUDGMENT**

☑ 1. The plaintiff has a right to recover possession of the property.

☐ 2. There is now due to the plaintiff for nonpayment of rent and other money due under the lease:
a. Rent to retain possession $ ______
b. Other money due............ $ ______
c. Costs............................ $ ______
d. Total ............................ $ ______

☐ 3. The defendant has a right to retain possession.

**IT IS ORDERED:**

☑ 4. ☐ a. The plaintiff can apply for an order evicting the defendant if the defendant does not pay the plaintiff or the court the amount due in item 2d above or does not move out on or before ______ (Date).

☑ b. The plaintiff can apply for an order evicting the defendant if the defendant does not move out on or before ~~[illegible]~~ 8/17/26 (Date).

☐ c. An immediate order of eviction shall be entered pursuant to MCL 600.5744(3).

☑ 5. The defendant may be liable for money damages after moving if additional rent is owed or if there is damage to the property.

☐ 6. Acceptance of partial payment of the total amount due in item 2d above ☐ will ☐ will not prevent the court from issuing an order evicting the defendant.

☑ 7. No money judgment is entered at this time.

**MONEY JUDGMENT**

☐ 8. A possession judgment was previously entered.

☐ 9. A money judgment, which will earn interest at statutory rates, is entered as follows:

Damages $ ______
Costs $ ______
Total $ ______

*10. THE COURT FURTHER ORDERS:* ______

7/16/26
Date

[signature]
Judge

77197
Bar no.

***YOU ARE ADVISED*** *that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond, which must comply with all court rules and must be filed in court by* 07/27/2026 (Date). *You may want legal help.*

☐ *MCR 4.201(J) was explained to the parties.*

**For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.*

***CERTIFICATE OF MAILING:*** *I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).*

______ Date ______ *Deputy clerk*

**Approved:
07/16/2026
Date [signature] Plaintiff/Attorney

Date Defendant/Attorney